UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

ODELL EDWARDS,

                Defendant.

Case # 14-CR-6173-FPG-4

ORDER

On April 10, 2020, the Court accepted Defendant Odell Edwards's plea of guilty to a violation petition and sentenced him to six months in custody. ECF No. 153. Subsequently, Defendant, acting *pro se*, submitted a letter to the Court that was received on May 26, 2020. *See* ECF No. 158. He states his belief that he would be released from custody on June 22, 2020, but the Bureau of Prisons ("BOP") has calculated a release date of August 27, 2020. Defendant asks that the Court amend the sentence to four months so that he can be "released on the agreed upon date and time." *Id.* at 2. The Court cannot provide Defendant with the relief he seeks.

As the Court understands Defendant's letter, Defendant does not dispute that he knowingly and voluntarily accepted his plea. Rather, Defendant disputes the manner in which his agreed-upon sentence has been calculated, and he asks the Court to modify the sentence so as to be consistent with his calculation. Generally, "[a] district court may not [] modify a term of imprisonment once it has been imposed." *United States v. Burden*, No. 3:00-CR-263, 2010 WL 908929, at *1 (D. Conn. Mar. 8, 2010). Moreover, the BOP, not the sentencing court, is vested with the authority to calculate a defendant's sentence. *See United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997). Thus, this Court is without power to modify Defendant's sentence on the basis that the BOP has miscalculated Defendant's release date.

This is not to say that Defendant has no avenues for relief. If he wishes to challenge the BOP's calculation of his sentence, he may bring a petition under 28 U.S.C. § 2241. *See Darden*

*v. Bureau of Prisons*, 707 F. Supp. 2d 363, 366 (E.D.N.Y. 2010) ("It is well-settled in this Circuit that a petition filed pursuant to 28 U.S.C. § 2241 . . . [is] generally the appropriate vehicle to raise claims arising from . . . a prison official's computation of a prisoner's sentence."). Before bringing a petition, however, Defendant must first seek administrative review of the calculation of his sentence, *see United States v. Senior*, 93 F. App'x 265, 266 (2d Cir. 2004) (summary order), and even then, Defendant must file the petition in the judicial district where he is confined, not the district where he was sentenced. *See United States v. Harriman*, No. 04-CR-162, 2010 WL 3702533, at *1 (D. Vt. Sept. 16, 2010).

For these reasons, the Court is not in a position to grant Defendant's requested relief, and his letter request (ECF No. 158) is therefore DENIED.

IT IS SO ORDERED.

Dated: June 8, 2020
Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court